# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNELL ELEM, #08189-414, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 19-cv-00744-NJR |
| T. G. WERLICK, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Johnell Elem, an inmate who is currently incarcerated in the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). Elem challenges the 802-month sentence imposed against him in 1998 by the United States District Court for the Northern District of Illinois. (*Id*. at pp. 1-9). Following a jury trial, Elem was convicted for three separate bank robberies, in violation of 18 U.S.C. § 2113(a), and three counts of using a firearm in commission of those crimes, in violation of 18 U.S.C. § 924(c). (*Id*.). Elem maintains that his Section 924(c) convictions arose from a single indictment and no longer support his enhanced sentence in light of *Mathis v. United States*, -- U.S. --, 136 S. Ct. 2243 (2016), and the First Step Act. (*Id*.).

This matter is now before the Court for preliminary review of the Section 2241 Petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

1

The Section 2241 Petition survives screening under this standard. It is not plainly apparent that the Section 2241 Petition should be dismissed at screening. The Court further finds that a response is necessary to more fully evaluate Elem's claims in light of the developing law in this area.

**IT IS HEREBY ORDERED** that Respondent Werlick shall answer or otherwise plead **on or before October 22, 2019**.[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Elem is **ADVISED** of his continuing obligation to keep the Clerk of Court (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 11, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] The response date ordered herein is controlling. Any date that the Case Management/Electronic Case Filing ("CM/ECF" system) should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.