IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNELL ELEM, <br> # 08189-424, <br><br> Petitioner, <br><br> vs. <br><br> T. G. WERLICK, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 19-cv-744-NJR <br> ) <br> ) <br> ) <br> ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

In 1998, Petitioner Johnell Elem was convicted by a jury in the Northern District of Illinois of three counts of Bank Robbery and three counts of Using and Carrying a Firearm During and in Relation to a Crime of Violence, in violation of Title 18 U.S.C. § 924(c). On June 8, 2000, he was sentenced to a total term of imprisonment of 802 months. *United States v. Elem*, Case No. 97-cr-765 ("Criminal Case"). Now an inmate in the Bureau of Prisons incarcerated at FCI-Greenville, Elem has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). He invokes *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016), and the First Step Act of 2018.

This matter is now before the Court on Respondent's Motion to Dismiss (Doc. 14), arguing the Petition should be dismissed because *Mathis* does not apply to his claim and the First Step Act does not apply to sentences imposed before its effective date. Elem responded to the motion at Doc. 18.

### RELEVANT FACTS AND PROCEDURAL HISTORY

In June 2000, Elem was sentenced to a term of 262 months' imprisonment on each of the three bank robberies, to be served concurrently. He was sentenced to a term of 60 months on the

first Section 924(c) conviction and to a term of 240 months on each of the other two Section 924(c) convictions, to be served consecutively to each other and to all other terms of imprisonment. Thus, as stated above, his total term of imprisonment is 802 months. (*See* Judgment, Doc. 14, Ex. 2).

Elem filed a direct appeal, raising issues not related to the stacking of his Section 924(c) sentences. The convictions were affirmed. *United States v. Elem,* 269 F.3d 877 (7th Cir. 2001).[1]

Elem then filed a motion to vacate, correct or set aside sentence pursuant to 28 U.S.C. § 2255. As is relevant here, he argued that counsel was ineffective for failing to challenge his three consecutive sentences on the Section 924(c) convictions. The district court denied the motion. *Elem v. United States*, No. 03 C 1957, 2004 WL 2034080 (N.D. Ill. Aug. 19, 2004).

Elem filed additional motions in 2008 and 2012, which were denied because they were successive Section 2255 motions filed without the permission of the Court of Appeals. (Criminal Case, Docs. 246, 303).

## APPLICABLE LEGAL STANDARDS

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And a prisoner is generally limited to only *one* challenge of his conviction

---

[1] Elem's first name was spelled "Johnelle" in the Seventh Circuit. This Court uses the spelling that was used in the Petition.

2

and sentence under Section 2255. A prisoner may not file a "second or successive" Section 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

It is possible, however, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under Section 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must apply retroactively. Last, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

Since *Davenport*, the Seventh Circuit has made it clear that "there must be some kind of structural problem with [S]ection 2255 before [S]ection 2241 becomes available. In other words, something more than a lack of success with a [S]ection 2255 motion must exist before the savings clause is satisfied." *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

## ANALYSIS

Respondent moves to dismiss because Elem's claim cannot be asserted in a Section 2241 petition. Respondent also makes a "threshold argument" which he admits is "contrary to current Seventh Circuit precedent by which this Court is bound." (Doc. 14, pp. 6-14). The Court need not reach this argument because Elem's claim does not fit within the savings clause under *Davenport*.

At the time of Elem's offenses and sentencing, Section 924(c)(1) provided that "[i]n the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years" and that the sentences would be consecutive to any other sentence. The Supreme Court held in *Deal v. United States*, 508 U.S. 129 (1993), that "second or subsequent conviction" did not mean only a second or subsequent conviction after a prior Section 924(c) conviction had become final. Rather, the phrase included a second or subsequent conviction charged in the same indictment as the first conviction. The statute therefore required stacking of the sentences on multiple Section 924(c) convictions charged in the same indictment even if the defendant had never before been convicted of violating Section 924(c). Elem's sentence of five years on the first Section 924(c) conviction and twenty years each on the second and third Section 924(c) convictions was correct under *Deal*, as the district court held in denying his Section 2255 motion. *Elem v. United States*, No. 03 C 1957, 2004 WL 2034080 (N.D. Ill. Aug. 19, 2004). The fact that Elem was unsuccessful on his Section 2255 motion does not enable him to bring a Section 2241 petition. *Webster*, 784 F.3d at 1136.

The First Step Act of 2018 amended Section 924(c)(1) to read "In the case of a violation of this subsection that occurs after a prior conviction under this subsection has become final, the person shall--(i) be sentenced to a term of imprisonment of not less than 25 years. . . ." The effective date of the amendment is December 21, 2018. Section 403 of the First Step Act of 2018 specifies "(b) APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194.

Ostensibly relying on *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016), Elem argues that the 2018 amended version of Section 924(c) should be applied to his sentence. However, *Mathis* is inapplicable to his claim.

*Mathis* applied Supreme Court precedent that began with *Taylor v. United States*, 495 U.S. 575 (1990), directing courts to use the "categorical approach," when determining whether a prior crime counts as a predicate crime of violence for purposes of an Armed Career Criminal Act sentencing enhancement, 18 U.S.C. § 924(e). The categorical approach requires the court to look not to the *facts* of the prior crime but to the statutory *elements* of the prior conviction to determine whether the prior crime qualifies as one of the crimes of violence enumerated in Section 924 (e)(2)(B)(ii). In the case of a statute that has multiple alternative elements, courts are to use a "modified categorical approach" which permits the court to consult a limited set of documents to determine which element(s) the defendant was convicted of. *Mathis*, 136 S. Ct. at 2248-2249. However, some statutes list not different elements, but merely different means of committing the offense. *Mathis* holds that it is error to use the modified categorical approach where a statute lists only alternative means, and not elements. *Mathis*, 136 S. Ct. at 2253.

The above discussion illustrates that Elem's argument does not arise out of *Mathis*. In his response to the motion to dismiss, Elem argues that *Mathis* applies because his first Section 924(c) conviction was used as a predicate crime for his subsequent Section 924(c) convictions. (Doc. 18, p.7). That is not what a predicate crime means as used in *Mathis. See Mathis,* 136 S. Ct. at 2247. Here, the predicate crime of violence supporting the Section 924(c) convictions is federal bank robbery. Elem does not argue that federal bank robbery is no longer a crime of violence for purposes of Section 924(c) after *Mathis*. Any such argument would be unsuccessful, as the Seventh Circuit has held that federal bank robbery is indeed categorically a crime of violence. *United States v. Armour*, 840 F.3d 904 (7th Cir. 2016), as amended (June 26, 2017).

Elem also argues that the First Step Act merely "clarifies" what Section 924(c) "was always meant to be" and that Congress "deliberately used the word 'clarification' to correct the broken application of 924(c)." Thus, he argues, the Act should be applied retroactively. (Doc. 18, p. 5). But the Act does not use the words "clarify" or "clarification." Congress could have provided that amended Section 924(c) would apply to previously imposed sentences, but did not. Congress clearly intended that it be applied only to sentences not yet imposed as of the Act's effective date.

Elem also points out that the First Step Act amended the procedures for compassionate release motions under 18 U.S.C. § 3582(c). That is irrelevant here because motions for compassionate release under that section must be directed to the sentencing court and cannot be brought in a Section 2241 petition.

Elem's argument for retroactive application of the First Step Act's amendment to Section 924(c) does not arise out of anything in *Mathis*. Neither the holding nor the reasoning of *Mathis* applies. Because Elem's argument does not rely on *Mathis* or any other new rule of statutory construction, it does not meet the *Davenport* requirements and cannot be brought in a Section 2241

petition.

The argument that the First Step Act of 2018 should be applied to Elem's sentence would fail in any event. Given the clear language of the Act, it is not surprising that the Seventh Circuit has held that the First Step Act is not retroactive. *See United States v. Jackson*, 940 F.3d 347, 353 (7th Cir. 2019), construing Section 401 of the Act, which is identical to Section 403.

## CONCLUSION

For the reasons set forth above, Respondent's Motion to Dismiss (Doc. 14) is **GRANTED**. Johnell Elem's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

7

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his Section 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: May 12, 2020**

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**