**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JOHNELL ELEM, <br> # 08189-424, <br><br> Petitioner, <br><br> vs. <br><br> T. G. WERLICK, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 19-cv-744-NJR <br> ) <br> ) <br> ) <br> ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Now before the Court is Petitioner Johnell Elem's Motion for Reconsideration (Doc. 21) filed on June 7, 2020,[1] and a supplement to his motion (Doc. 22) filed on July 6, 2020. Elem takes issue with the May 12, 2020, dismissal of his habeas corpus case. (Doc. 19). Elem is serving aggregate sentences of 802 months' imprisonment imposed after his conviction in the Northern District of Illinois on three counts of bank robbery and three counts of using/carrying a firearm in relation to a crime of violence. *United States v. Elem*, Case No. 97-cr-765 ("Criminal Case").

This Court dismissed Elem's Habeas Petition because the rule set forth in *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016), is not applicable to the consecutive sentences imposed for Elem's firearms convictions, and the amendment to 18 U.S.C. § 924(c) in the First Step Act of 2018 does not apply retroactively to sentences imposed before the Act's effective date. (Doc. 19, pp. 4-7).

The motion invokes Federal Rule of Civil Procedure 59(e) and was timely filed within the

---

[1] Elem certified that he submitted his motion for mailing to the Court on June 7, 2020, which is its filing date under the prison mailbox rule. (Doc. 21, p. 5). *See Houston v. Lack*, 487 U.S. 266 (1988); *Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999).

1

28-day deadline. Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006) (citing *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)).

Elem argues that other courts have found *Mathis* applicable to 18 U.S.C. § 924(c), thus this Court was wrong to reject his *Mathis* claim. (Doc. 21, pp. 3-4). It is true that applying the *Mathis* analysis, some predicate offenses will no longer qualify as a "crime of violence" or "drug trafficking crime" for the purpose of sentence enhancement for the use/carrying/possession of a firearm under Section 924(c)(1)(A) or (C). But this does not help Elem because, as the Court explained, his predicate bank robbery convictions still meet the definition of a "crime of violence" even if *Mathis* is applied, and *Mathis* does not operate to make the First Step Act amendment retroactive. (Doc. 19, pp. 5-6).

Elem also asserts this Court was mistaken when it rejected his argument that the First Step Act should be applied retroactively because it merely "clarifies" what Congress always meant the law to be, and that Congress in the First Step Act "deliberately used the word 'clarification' to correct the broken application of 924(c)." (Doc. 18, p. 5; Doc. 21, pp. 4, 7; Doc. 22, pp. 1-2). Elem is correct that Section 403 of the First Step Act, which amended Section 924(c)(1)(C) to eliminate the former approach of "stacking" sentences,[2] is entitled "Clarification of Section 924(c) of Title 18, United States Code." (Doc. 21, p. 7). Thus, it was incorrect for this Court to state that the Act "does not use the words 'clarify' or 'clarification.'" (Doc. 19, p. 6). However, this minor error does

---

[2] The Supreme Court interpreted the pre-amendment wording of Section 924(c)(1)(C) to require the imposition of consecutive sentences for multiple firearm-use convictions even when those convictions resulted from a single indictment and the defendant had no earlier Section 924(c) conviction. *Deal v. United States*, 508 U.S. 129 (1993). (Doc. 19, p. 4).

not lead to a different result for Elem in this action. The "Clarification" title might indicate that Congress originally intended Section 924(c)(1)(C) to apply in the manner now set forth in the amended language.[3] But the fact is that the First Step Act explicitly provides that the amendment does *not* apply retroactively to sentences that were already imposed before the Act's December 2018 enactment. (Doc. 19, p. 6; Doc. 21, p. 8). It would therefore be contrary to this language, and the Act's clear directive, for this Court to apply Section 403 of the Act to Elem's sentence imposed in 2000.

Elem's motion does not demonstrate any mistake of law or fact, or present any newly discovered evidence, that would entitle him to an altered or amended judgment under Rule 59(e). Upon review of the record, the Court remains persuaded that its dismissal of the Petition was correct. For these reasons, the Motion for Reconsideration (Doc. 21) is **DENIED**.

Under Rule 59(e), Elem's filing of his motion (Doc. 21) suspended the deadline for him to appeal the dismissal of this case. Therefore, if he wishes to appeal the dismissal of his Habeas Petition, his notice of appeal must now be filed with this Court within 60 days of the date of *this* Order. FED. R. APP. P. 4(a)(1)(B) and 4(a)(4)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his Section 2241 Petition. *Walker v.*

---

[3] The case Elem cites in support of his Congressional-intent argument, *United States v. Decator*, No. CR CCB-95-0202, 2020 WL 1676219 (D. Md. Apr. 6, 2020), granted compassionate release to the petitioner. Elem may be able to pursue that remedy in the court that sentenced him.

*O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:  July 8, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**